# EXHIBIT D

*Ginger Rasmussen*
*P-I. 11/15/13*
*9:00am*

Robert E. Mansfield (6272)
J. Ryan Mitchell (9362)
Russell Nevers (13940)
MITCHELL, BARLOW & MANSFIELD, P.C.
The Boston Building
9 Exchange Place, Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 998-8888
Facsimile: (801) 998-8077
Email: rmansfield@mbmlawyers.com
       rmitchell@mbmlawyers.com
       rnevers@mbmlawyers.com

*Attorneys for Plaintiffs*

## IN THE THIRD JUDICIAL DISTRICT COURT IN AND FOR
## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| ALLEN STUTELBERG, HAROLD SCHMUNK and MICHAEL GREER, acting in their individual capacities and as shareholders suing derivatively on behalf of Pacific WebWorks, Inc., a Nevada corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>PACIFIC WEBWORKS, INC., a Nevada corporation, KENNETH W. BELL, an individual, WILLIAM MARC BELL, an individual, ROBERT BRETT BELL, an individual, CHRISTIAN LARSEN, an individual, YKNOT HOLDINGS, LLC, a Utah limited liability company, YKNOT GLOBAL, LLC, a Utah limited liability company, K. LANCE BELL, an individual, and John Does 1-10.<br><br>Defendants. | **SUMMONS**<br><br>Civil No. 130907822<br><br>Judge: Anthony B. Quinn |

18246853.1

THE STATE OF UTAH TO THE ABOVE-NAMED DEFENDANT:

K. Lance Bell, Registered Agent
Pacific Webworks, Inc.
230 West 400 South, 1st Floor
Salt Lake City, Utah 84101

You are hereby summoned and required to file, with the Clerk of the above entitled Court, at 450 South State, Salt Lake City, Utah 84111, an answer in writing to the attached Complaint to be filed in the above entitled case and to serve upon or mail to Robert E. Mansfield, attorneys for Plaintiff, at Mitchell, Barlow & Mansfield, The Boston Building, 9 Exchange Place, Suite 600, Salt Lake City, Utah 84111, a copy of said answer within TWENTY (20) days after service of this Summons upon you.

If you fail to do so, judgment by default will be taken against you for the relief demanded in said Complaint, which has been filed with the Clerk of said Court and a copy of which is attached hereto and herewith served upon you.

Dated this 14 day of November, 2013.

MITCHELL, BARLOW & MANSFIELD, P.C.

Robert E. Mansfield
J. Ryan Mitchell
Russell Nevers
Attorneys for Plaintiffs

18246853.1

2

Robert E. Mansfield (6272)
J. Ryan Mitchell (9362)
Russell A. Nevers (13940)
MITCHELL, BARLOW & MANSFIELD, P.C.
Nine Exchange Place, Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 998-8888
Facsimile: (801) 998-8077
Email: RMansfield@mbmlawyers.com
       RMitchell@mbmlawyers.com
       RNevers@mbmlawyers.com

Attorneys for Plaintiffs

## IN THE THIRD JUDICIAL DISTRICT COURT

## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| ALLEN STUTELBERG, HAROLD SCHMUNK and MICHAEL GREER, acting in their individual capacities and as shareholders suing derivatively on behalf of Pacific WebWorks, Inc., a Nevada corporation, <br><br>   Plaintiffs, <br><br> vs. <br><br> PACIFIC WEBWORKS, INC., a Nevada corporation, KENNETH W. BELL, an individual, WILLIAM MARC BELL, an individual, ROBERT BRETT BELL, an individual, CHRISTIAN LARSEN, an individual, YKNOT HOLDINGS, LLC, a Utah limited liability company, YKNOT GLOBAL, LLC, a Utah limited liability company, K. LANCE BELL, an individual, and John Does 1-10. <br><br>   Defendants. | **VERIFIED COMPLAINT** <br> (Jury Demand) <br><br> Tier 3 <br><br> Case No. _____ <br><br> Judge _____ |

Plaintiffs Allen Stutelberg, Harold Schmunk and Michael Greer, individually and in their capacity as shareholders of Pacific WebWorks, Inc., complain and allege as follows:

1. This is a derivative action brought by the Plaintiffs against certain former and current members of the board of directors, officers and/or employees of Pacific WebWorks, Inc. ("PWW" or the "Company"). Plaintiffs bring this action against Defendants for corporate waste, breach of their fiduciary duties and civil conspiracy resulting out of the Defendants' wrongful conduct and mismanagement of the Company's assets and affairs and usurpation of corporate opportunities.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Allen Stutelberg is an individual residing in the State of Minnesota and is a current shareholder of PWW, and has been a shareholder of PWW at all times relevant hereto.

3. Plaintiff Harold Schmunk is an individual residing in the State of North Dakota and is a current shareholder of PWW, and has been a shareholder of PWW at all times relevant hereto.

4. Plaintiff Michael Greer is an individual residing in the State of Virginia and is a current shareholder of PWW, and has been a shareholder of PWW at all times relevant hereto.

5. Pacific WebWorks, Inc. is a Nevada corporation with its principal place of business in Salt Lake City, Utah. For many years, PWW has been engaged in the business of internet marketing/advertising. In addition, PWW has been involved in various other business lines.

6. Defendant Kenneth Bell is an individual residing in the State of Utah and was a former member of the board of directors and officer of PWW, and is the father of Defendants Brett Bell, Marc Bell and Lance Bell.

7. Defendant Robert Brett Bell is an individual residing in the State of Utah and was a former member of the board of directors and officer of PWW.

8. Defendant William Marc Bell is an individual residing in the State of Utah and was a former officer and/or employee of PWW.

9. Defendant Christian Larsen is an individual residing in the State of Utah and was a former member of the board of directors and officer of PWW.

10. Defendant K. Lance Bell is an individual residing in the State of Utah and is a current member of the board of directors and officer of PWW.

11. Defendant YKnot Holdings, LLC is, on information and belief, a limited liability company owned by defendants Ken Bell, Brett Bell, Marc Bell and Christian Larsen.

12. Defendant YKnot Global, LLC is, on information and belief, a limited liability company owned by defendants Ken Bell, Brett Bell, Marc Bell and Christian Larsen.

13. Defendants John Does 1-10 are additional members of the board of directors of PWW and/or agents of the individual Defendants. Plaintiffs do not know the true identities and capacities of these defendants at this time and will amend this complaint once this information is ascertained.

14. Jurisdiction is proper in this Court pursuant to Utah Code Ann. § 78A-5-102.

15. Venue is proper in this Court pursuant to Utah Code Ann. §§ 78B-3-305 and 307.

## FACTUAL BACKGROUND

16. PWW is a publicly traded company with over 400 shareholders and has been engaged in the internet advertising/marketing business for many years, among other businesses.

17. Prior to November 2009, and for a number of years prior thereto, PWW ran a work at home marketing campaign whereby customers would sign up at an introductory rate, provide credit/debit card information for billing purposes, and would thereafter be billed at the normal monthly rate until such services were cancelled by the customer.

3

18. PWW made substantial profits during this time, yet failed to properly dividend these profits to the shareholders. Rather, Defendants Ken Bell, Brett Bell, Marc Bell and Christian Larsen used these profits for their own benefit and pursuits.

19. Because of merchant account issues, including substantial customer chargebacks and otherwise, the officers/directors of PWW determined in early November 2009 to discontinue this marketing campaign in order to formulate a new marketing campaign.

20. Until recently, PWW engaged in no marketing campaigns or new business and did not engage in any new marketing campaign as planned.

21. In February 2010, however, Defendants Ken Bell, Brett Bell, Marc Bell and Christian Larsen formed Yknot Holdings, LLC and Yknot Global, LLC (hereinafter collectively referred to as "YKNOT"). These Defendants each own a 25% interest in YKNOT.

22. The purpose of YKNOT was to engage in a new internet marketing campaign.

23. At no time did Defendants Ken Bell, Brett Bell, Marc Bell or Christian Larsen ever disclose or offer this new internet marketing campaign opportunity to PWW. Instead, and in violation of their fiduciary duties, these Defendants usurped this opportunity for their own personal benefit and pursued this marketing campaign under the name of YKNOT instead of PWW.

24. In addition to failing to offer this opportunity to PWW, Defendants used the assets, offices and other resources of PWW in order to launch YKNOT, including, but not limited to, devoting their best efforts and time to YKNOT instead of PWW. All the while, these Defendants continued to draw large salaries and other benefits from PWW.

25. These Defendants also caused PWW to loan money to YKNOT to help capitalize YKNOT without the approval of any disinterested Board or shareholder vote.

26. In 2011, and only after YKNOT became profitable, Defendants Brett Bell, Marc Bell and Christian Larsen resigned their officer and director positions with PWW.

27. Brett Bell and Marc Bell resigned their positions in or about late 2010 to mid 2011.

28. Christian Larsen resigned his officer position on or about May 20, 2011, and his director position during 2012.

29. Defendant Ken Bell remained with PWW until approximately late 2012 or early 2013 when he then resigned his positions with PWW.

30. Ken Bell, however, along with Brett Bell, Marc Bell and Christian Larsen, were providing services to YKNOT prior to their departure from PWW.

31. Prior to leaving PWW, Defendants Ken Bell and Christian Larsen caused PWW to hire Defendant Lance Bell, who is the son of Ken Bell, as an Executive Vice President of PWW. In addition, Ken Bell and Christian Larsen voted to appoint Lance Bell to be a director of PWW.

32. These actions were taken despite Lance Bell's lack of experience or ability to run a public company and, on information and belief, were done for the sole purpose of having a "friendly" remaining officer and director who would not inquire into or pursue the wrongful actions of Defendants Ken Bell, Brett Bell, Marc Bell and Christian Larsen.

33. After the resignations of Ken Bell and Christian Larsen, Lance Bell remained as the sole director and officer of PWW. Lance Bell then appointed himself to be the Chief Executive Officer of PWW and Chairman of its Board of Directors.

34. On November 29, 2012, Lance Bell then caused PWW to enter into a multi-year employment agreement with himself that provided an overly lucrative compensation package.

35. At no time did any disinterested Board or shareholder vote ever approve this agreement.

36. In 2012, Plaintiff John Clayton learned about YKNOT and that Ken Bell, Brett Bell, Marc Bell and Christian Larsen improperly usurped this corporate opportunity.

5

37. When John Clayton confronted Ken Bell about the YKNOT venture, Ken Bell denied any involvement therein and denied that any wrongdoing had taken place. In addition, Ken Bell stated that YKNOT was not very successful, despite knowing and being personally involved in this extremely successful venture.

38. Plaintiffs have not made demand of PWW that it pursue this action and to protect the rights of PWW and the interests of the shareholders because such demand would be futile and unavailing in that there are no remaining disinterested officers or directors of PWW.

39. The sole remaining officer and director of PWW is Lance Bell, who is himself a defendant in this action and who is the son or brother of Ken Bell, Brett Bell and Marc Bell and co-conspirator with the other defendants.

40. In addition, Lance Bell was installed as an officer and director of PWW for the primary purpose of preventing any action from being brought against the other individual Defendants for their wrongful conduct. Making demand on PWW also would be substantially detrimental in that it could permit Lance Bell, PWW's sole remaining officer and director, to cover up Defendants' misdeeds or to cause further harm to PWW because he has been alerted that Defendants' unlawful conduct has been uncovered. For example, if Plaintiffs were required to make demand on PWW, Lance Bell, as the sole remaining officer and director of PWW, would have unfettered access and opportunity to destroy relevant documents or other evidence and otherwise cover up Defendants' breaches of fiduciary duty and corporate waste.

41. As such, it would be a futile act to make demand upon the officers and directors of PWW to pursue this action.

42. This action is not a collusive one in order to confer jurisdiction on this Court that it otherwise would not have had.

## FIRST CAUSE OF ACTION
### (Breach of Fiduciary Duty and Usurpation of Corporate Opportunity)
### (Against Defendants Ken Bell, Brett Bell, Marc Bell and Christian Larsen)

43. Plaintiffs incorporate their allegations in paragraphs 1 through 42 above as if set forth fully herein.

44. Defendants Ken Bell, Brett Bell, Marc Bell and Christian Larsen, as directors, officers and/or employees of PWW, owed a fiduciary duty and duty of loyalty to the shareholders of PWW, including duties of due care, loyalty and disclosure.

45. Defendants have failed to perform their respective fiduciary duties in good faith and with ordinary prudence, which has resulted in Defendants usurping a corporate opportunity of PWW, namely the internet marketing/advertising campaign pursued through YKNOT.

46. The YKNOT opportunity was within PWW's line of business.

47. PWW has an interest or expectancy in the opportunity.

48. PWW was financially able to exploit the opportunity.

49. By usurping the opportunity, Defendants placed themselves in a position contrary to their fiduciary duties to PWW and for their own personal gain, and violated their fiduciary duties and duties of loyalty.

50. As a direct and proximate result of the Defendants' conduct, PWW has suffered damage in an amount to be proven at trial, but which amount is in excess of $300,000. In addition, Plaintiffs are entitled to punitive damages for the wanton and reckless conduct of Defendants.

## SECOND CAUSE OF ACTION
### (Breach of Fiduciary Duty and Corporate Waste)
### (Against Defendants Ken Bell, Brett Bell, Marc Bell, Christian Larsen and Lance Bell)

51. Plaintiffs incorporate their allegations in paragraphs 1 through 50 above as if set forth fully herein.

52. Defendants Ken Bell, Brett Bell, Marc Bell, Christian Larsen and Lance Bell, as directors and officers of PWW, owed a fiduciary duty and duty of loyalty to the shareholders of PWW, including duties of due care, loyalty, and disclosure.

53. Defendants have failed to perform their respective fiduciary duties in good faith and with ordinary prudence, which has resulted in corporate waste and damage to the individual shareholders.

54. Among other things, Defendants violated these duties and committed corporate waste by:

    a. Using corporate assets and resources for their own personal gain;

    b. Using corporate assets and resources in order to usurp a corporate opportunity and to develop such opportunity;

    c. Using corporate assets and resources for personal vacations;

    d. Failing to conduct appropriate due diligence and investigation regarding the alleged experience and qualifications of persons hired for various management positions;

    f. Failing to hold regular and appropriate meetings of the Company's shareholders; and

    k. Failing to timely prepare and/or file quarterly and annual reports with the Securities and Exchange Commission, thereby resulting in the de-listing of PWW's shares and their resulting diminution of value.

55. By committing these acts, Defendants have diminished the assets and value of PWW, which in turn, undermines and diminishes the value of the shareholders' interest in PWW.

56. As a direct and proximate result of Defendants' conduct, PWW has suffered damage in an amount to be proven at trial, but which amount is in excess of $300,000. Plaintiffs

individually have also suffered damages in an amount to be proven at trial. In addition, Plaintiffs are entitled to punitive damages for the wanton and reckless conduct of Defendants.

### THIRD CAUSE OF ACTION
### (Derivative Action – Self-Dealing Contract with Lance Bell)
### (Against Defendant Lance Bell)

57. Plaintiffs incorporate their allegations in paragraphs 1 through 56 above as if set forth fully herein.

58. Defendant Lance Bell, while acting as a fiduciary of PWW, caused PWW to enter into a self-dealing contract with himself, a member of the board of directors and officer of PWW.

59. Pursuant to Nevada Revised Statute § 78.140, this transaction constituted an interested-director transaction which may be void or voidable unless it was approved by a vote of the disinterested board of directors or shareholders.

60. The Lance Bell contract contained terms which resulted in a transaction that was inherently unfair to the interests of PWW. Among other things, this contract required PWW to pay to Lance Bell an exorbitant, above-market compensation considering his limited experience and ability. The contract further called for a three-year commitment, with little to no recourse for PWW in the event Lance Bell fails to perform.

61. Lance Bell caused the Company to enter into this self-dealing transaction without disclosing the transaction to the shareholders of PWW, without conducting a formal vote of the members of the disinterested board of directors or shareholders, and without seeking ratification by the shareholders of PWW.

62. By committing these acts, Defendant Lance Bell has diminished the assets and value of PWW, which in turn, undermines and diminishes the value of the shareholders' interest in PWW.

63. As a direct and proximate result of Defendant's conduct, the Company has suffered damage in an amount to be proven at trial. The Company is further entitled to an order

declaring the Lance Bell transaction void or voidable, pending the outcome of a vote of the disinterested shareholders.

64. In addition, as a direct and proximate result of the Defendant's conduct, Plaintiffs have suffered individual damages in an amount to be proven at trial, but which amount is in excess of $300,000.

## FOURTH CAUSE OF ACTION
### (Civil Conspiracy)
### (Against All Defendants)

65. Plaintiffs incorporate their allegations in paragraphs 1 through 64 above as if set forth fully herein.

66. All Defendants combined for the objective to waste corporate assets of PWW and to usurp corporate opportunities of PWW.

67. The Defendants had a meeting of the minds in order to accomplish this object.

68. Defendants engaged in one or more unlawful, overt acts, including, but not limited to, breaching their fiduciary duties and duties of loyalty, using corporate assets for their own personal gain, and engaging in fraud to cover up their wrongdoing.

69. As a direct and proximate result of Defendants' conduct, PWW has suffered damage in an amount to be proven at trial, but which amount is in excess of $300,000. Plaintiffs individually have also suffered damages in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION
### (Constructive Trust)
### (Against All Defendants)

70. Plaintiffs incorporate their allegations in paragraphs 1 through 69 above as if set forth fully herein.

71. Defendants wrongfully deprived PWW of the value of certain corporate assets as set forth herein through their wrongful conduct and mismanagement of the Company's assets and affairs and usurpation of corporate opportunities.

10

72.   Defendants will be unjustly enriched if permitted to retain unencumbered ownership of such assets and opportunities or their value, which assets and opportunities at all times material hereto have rightfully belonged to PWW.

73.   Because Defendants' interests in such assets and opportunities or any other property acquired using such assets and opportunities are the direct and proximate result of Defendants' wrongful conduct, this Court should impose an equitable constructive trust upon such assets or the proceeds of such assets and opportunities in an amount to be proven at trial, together with the proportional increase in the value of such assets and any other property acquired using such assets and opportunities from and after the date that Defendants began engaging in the wrongful conduct set forth in this Complaint.

74.   As a direct and proximate result of Defendants' wrongful conduct, the Court should impose a constructive trust over Defendants' property to the extent necessary to protect PWW.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request this Court to enter judgment against Defendants and in favor of Plaintiffs as follows:

1.   On the First Cause of Action, for general and punitive damages in an amount to be proven at trial, but which amount is in excess of $300,000, plus reasonable attorneys' fees and costs to the fullest extent permitted by law.

2.   On the Second Cause of Action, for general and punitive damages in an amount to be proven at trial, but which amount is in excess of $300,000, plus reasonable attorneys' fees and costs to the fullest extent permitted by law.

3.   On the Third Cause of Action, for an order declaring that the Lance Bell transaction is void or voidable, pending the outcome of a vote of the disinterested shareholders,

for general damages in an amount to be proven at trial, but which amount is in excess of $300,000, plus reasonable attorneys' fees and costs to the fullest extent permitted by law.

4. On the Fourth Cause of Action, for an order declaring each Defendant jointly and severally liable for the conduct of the other Defendants and for general and punitive damages in an amount to be proven at trial, but which amount is in excess of $300,000, plus reasonable attorneys' fees and costs to the fullest extent permitted by law. In addition, Plaintiffs seek an order requiring that all Defendants transfer all business opportunities, and associated tangible and intangible property, related thereto.

5. On the Fifth Cause of Action, for an order imposing a constructive trust on all assets obtained by Defendants through their wrongful conduct and mismanagement of the Company's assets and affairs and usurpation of corporate opportunities in an amount to be proven at trial, together with the proportional increase in the value of such assets and any other property acquired using such assets and opportunities from and after the date that Defendants began engaging in the wrongful conduct set forth in this Complaint, but which amount is in excess of $300,000, plus reasonable attorneys' fees and costs to the fullest extent permitted by law.

6. For pre-judgment and post-judgment interest at the highest rate permitted by law.

7. For such other and further relief that this Court deems just and equitable under the circumstances.

## JURY DEMAND

Pursuant to Rule 38 of the Utah Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues triable to a jury and tenders the requisite fee.

DATED this 14th day of November, 2013.

Mitchell, Barlow & Mansfield, P.C.

_[signature]_

Robert E. Mansfield
J. Ryan Mitchell
Russell A. Nevers
Attorneys for Plaintiffs

## VERIFICATION

Allen Stutelberg, being first duly sworn and under oath, deposes and says that Affiant is one of the Plaintiffs in the above-entitled action; that Affiant has read the foregoing Complaint and understands the contents thereof, and the same is true of Affiant's own knowledge, or based upon information and belief where stated.

*[signature]*
Allen Stutelberg

STATE OF MINNESOTA
COUNTY OF mn

Allen Stutelberg appeared before me on the 14th day of November, 2013 with satisfactory evidence to prove to me his/her identity. Allen Stutelberg then signed this document in my presence and affirmed that he had read this document and understood its contents and that the contents were true to his personal knowledge, or based upon information and belief where stated.

DATED this 14th day of November, 2013.

*[notary seal: CANDICE S. FREESE, Notary Public-Minnesota, My Commission Expires Jan 31, 2018]*

*[signature]* Candice S. Freese
Notary Public/Deputy Clerk

14